UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE RENE LEVESQUE,

                          Plaintiff,

          -against-

MID-HUDSON FORENSIC PSYCHIATRIC
CENTER; DOCTOR VENKATARAMAN
RADHAKRISHNAN; DAWN MULDER; MR.
WIGGINS; JOHN AND JANE DOES,

                          Defendants.

21-CV-8446 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the Mid-Hudson Forensic Psychiatric Center

(MHFPC), brings this action *pro se*.[1] He also requests to proceed *in forma pauperis* (IFP), that is,

without prepayment of fees. Plaintiff is generally barred, however, from filing any new action

IFP while he is a prisoner. *See Levesque v. United States Gov't*, No. 9:12-CV-0796, ECF 8, at 4-5

(N.D.N.Y. July 30, 2012).[2]

That order entered in *Levesque v. United States* relied on the three-strikes provision of the

Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

---

[1] Plaintiff originally filed this complaint in the United States District Court for the
District of Massachusetts. On October 13, 2021, the District of Massachusetts transferred the
action to this court. (ECF 4.)

[2] In *Levesque v. United States Gov't*, No. 9:12-CV-0796, Judge Norman A. Mordue of the
United States District Court for the Northern District of New York concluded that Plaintiff had
accumulated "three strikes" under 28 U.S.C. § 1915(g), barring him from acquiring IFP status.
The predicate cases underlying Judge Mordue's determination included: *Levesque v. State of
South Carolina*, No. 1:10-CV-0049 (D.N.H. June 14, 2010) (dismissing prisoner rights action for
failure to state a claim); *Levesque v. N.H. Supreme Court Office of Attorney Discipline*, No. 1:10-
CV-0040 (D.N.H. May 12, 2010) (same); and *Levesque v. Town of Ellenburg, N.Y.*, No. 1:09-CV-
0430 (D.N.H. June 14, 2010) (same). Judge Mordue also held that the underlying complaint in
that case was frivolous and failed to state a claim. *Levesque*, No. 9:12-CV-0796, ECF 8, at 10.

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*. Thus, unless Plaintiff meets the "imminent danger" exception to the "three strikes" rule set

forth in Section 1915(g), his IFP application must be denied.

## DISCUSSION

### A.    Factual Allegations

Plaintiff, using a form complaint for civil cases, brings this action against MHFPC, three

individuals at MHFPC – Doctor Venkataraman Radhakrishnan, a psychiatrist; Dawn Mulder, an

employee of "Mental Hygiene Legal Service"; and Mr. Wiggins, a "packages/mail -orderly/float"

– and John and Jane Doe defendants. (ECF 1, at 2.) Plaintiff does not provide any facts in the

complaint form, but he also submitted a request for a bench trial, which contains allegations

describing the events giving rise to his claims. The Court will treat the complaint and the

supplemental filing (ECF 1, 3) together as the operative complaint for this action.

Plaintiff's assertions are difficult to understand, with a jumble of dates and confusing

references to his detention at multiple correction and psychiatric facilities in states throughout

the Northeast, and both his past and ongoing criminal and civil proceedings in various courts.

The Court has gleaned the following information from the operative complaint. For several

years, Plaintiff traveled through multiple states and facilities, where he was often charged with

criminal mischief, accused of mental illness, and victimized. In 2017, he was held "hostage" for

mental illness in Massachusetts by Judge Indira Talwani until he was exonerated. (ECF 3, ¶ 11.)

In May 2019, he was "abducted" in Pittsburgh and taken to the CVPH Medical Center, but he

was eventually found competent and released. (*Id*.) On October 3, 2020, "after a witch hunt," he

was involved in a bench trial in an unspecified court where "the Public Pretenders office" refused to let him testify. (*Id*. ¶ 7.) He was, however, exonerated.

Plaintiff's current detention in New York on unspecified criminal charges began in late October 2020. From October 14, 2020, to May 12, 2021, Plaintiff was detained at the Saratoga County Jail. He was then transferred to the Clinton County Jail, where he remained until his transfer on August 25, 2021, to MHFPC, apparently for psychiatric evaluation. Plaintiff's rights have been violated at all three New York facilities and in his ongoing criminal proceedings. The staff at the jails in Saratoga and Clinton Counties refused to let him access money to pay for bail, and he was denied a speedy trial and the opportunity to present evidence or testify in his court proceedings, which he considers "another witch hunt about mental illness/fictitious ailments." (*Id*. ¶ 11.) The accusation that Plaintiff has a mental illness is a "depraved [h]arassment as their [sic] is '<u>no</u>' such thing as mental illness only scumbags call people mentally ill." (*Id*.)

Since Plaintiff's arrival at MHFPC, he has been "heckled, harried and badgerd [sic] and even threatened with denial of food and recreational opportunities daily, over a vail [sic]/face covering, causeing [sic] [him] extreme distress and irreparable harms." (*Id*. ¶ 3.) When he arrived at MHFPC, he was "subjected to a hate crime by an African descendant over the [b]aby killings at abortion clinics" because he has "pale skin blue/green eyes and redish [sic] hair under a microscope." (*Id*. ¶ 7.) The MHFPC staff has denied his repeated requests for multiple vaccines, including shingles and pneumococcal, and a "daily spirtual [sic] food supplement [sic]" while giving "special accommodations" to Muslims and Catholics. (*Id*. ¶ 6.) The staff is discriminating against him by refusing to provide him with a naturopathic diet, which the Food and Drug Administration has recognized. Plaintiff has also been subjected to a litany of other violations at MHFPC, including (1) having to take recreation at random times every other day rather than at a

specific time daily; (2) not having a library or even a desk to work on his legal defense; (3) being "lent out" to 16 attorneys, who have all refused to "conduct a trial" (*id*. ¶ 9); (4) having to wait for temperature checks and pulse oxygen readings "from turkey basters" while his dinner got cold (*id.* ¶ 10); (5) being forced to listen to "Abilify commercials on illegal radio news propaganda" (*id*. ¶ 14); and (6) having his prescription for "Visteral/Hydroxizine" "maliciously" discontinued by a resident from India (*id*.). Plaintiff seeks "1 billion British pounds sterling as currency exchange dictates 1.34 billion U.S. dollars." (*Id*. at 7.)

**B.     Imminent Danger Exception**

The "imminent danger" exception allows an indigent prisoner who has amassed three or more strikes under Section 1915(g) to proceed IFP with a complaint in which he alleges that he faces "danger of serious physical injury." 28 U.S.C. § 1915(g). In considering whether a prisoner's complaint falls within the imminent danger exception, "it is not sufficient to allege that 'harms . . . had already occurred'" before the complaint was filed. *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."). The complaint must also "reveal a nexus between the imminent danger it alleges and the claim it asserts." *Pettus*, 554 F.3d at 298. In evaluating whether such a nexus exists, the Court should consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99 (emphasis in original). Allegations of past harms can satisfy the imminent danger exception when they are part of an ongoing pattern that is continuing. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that

4

beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.").

Here, Plaintiff asserts claims arising from events that allegedly occurred from 2017 to his present detention at MHFPC. Many of his assertions concern past harms that had concluded before the complaint was filed. "Plaintiff cannot claim imminent danger from events that occurred in the past, without allegations that they are ongoing or likely to continue in the future." *Antrobus v. Dapecevic*, No. 17-CV-5840 (KMK), 2018 WL 3242272, at *10 (S.D.N.Y. July 2, 2018). Even if the Court were to consider only Plaintiff's assertions concerning his present confinement at MHFPC, his claims "do not meet either the timing or the nexus requirement" of the imminent danger exception, *Akassy*, 887 F.3d at 97, and he does not seek judicial relief to redress any allegedly unlawful condition that he continues to face, *Pettus*, 554 F.3d at 299. Because Plaintiff does not allege facts suggesting that he was in imminent danger of serious physical harm at the time he filed this complaint in the District of Massachusetts, he does not fall within Section 1915(g)'s imminent danger exception. The Court therefore denies Plaintiff's request to proceed IFP and dismisses this action without prejudice under the PLRA's three-strike rule. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP and dismisses the complaint without prejudice under the PLRA's three-strike provision. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains

---

[2] Plaintiff is not barred from filing a new case by paying the filing fees. If Plaintiff commences a new action by paying the fees, that complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

barred from filing any future action IFP while a prisoner, unless he is under imminent danger of serious physical injury.[3] *Id.* The Clerk of Court is instructed to terminate all other pending matters in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 14, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).